FILED

**NOT FOR PUBLICATION**

MAR 30 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50206 |
| Plaintiff - Appellee, | D.C. No. 3:08-CR-02348-WQH-1 |
| v. | |
| ADAM GRANT GUNDERSON, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted March 1, 2010
Pasadena, California

Before:     CANBY and W. FLETCHER, Circuit Judges, and TUNHEIM,[**]
District Judge.

Adam Gunderson appeals his conviction and sentence, following a jury trial,

for two counts of transportation of undocumented aliens in violation of 8 U.S.C. §

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable John R. Tunheim, US District Judge for the District of
Minnesota, sitting by designation.

1324(a)(1)(A)(ii). We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

Gunderson was caught at a border patrol checkpoint with two undocumented alien men in his trunk. At trial, Gunderson took the stand and denied that he was aware of the men before he was stopped at the checkpoint. On cross-examination, the government sought to impeach Gunderson by asking about his reaction—or lack thereof—when confronted with evidence of the two men. Following defense counsel's objection that the government's question was a comment on silence in violation of Gunderson's Fifth Amendment rights, the district court struck the entire line of questioning and instructed the jury to disregard it. Gunderson contends that the striking of the testimony and admonishment did not cure prejudice that resulted from the questioning, and that the district court should have declared a mistrial.

We review *de novo* a claim that a defendant's Fifth Amendment privilege was violated. *United States v. Hernandez*, 476 F.3d 791, 796 (9th Cir. 2007). "*Doyle* error requires reversal unless the prosecution demonstrates, beyond a reasonable doubt, that the error was harmless." *United States v. Caruto*, 532 F.3d 822, 827 (9th Cir. 2008).

The government may use post-arrest, pre-*Miranda* silence for impeachment purposes, but is prohibited from using post-arrest, post-*Miranda* silence at all, even for impeachment. *Caruto*, 532 F.3d at 827; *Hernandez*, 476 F.3d at 796; *United States v. Velarde-Gomez*, 269 F.3d 1023, 1032 (9th Cir. 2001) (en banc). The record does not make entirely clear whether the alleged statement was made before or after Gunderson received his *Miranda* warnings, or even whether the government sought to comment on Gunderson's statement or his silence. Even if the government impermissibly commented on post-*Miranda* silence, however, the court remedied the potential error by sustaining the contemporaneous objection, instructing the jury to disregard the question, and giving appropriate jury instructions. *See United States v. Lopez*, 500 F.3d 840, 846-47 (9th Cir. 2007). Because the government's brief comments were minimally harmful and immediately remedied, they did not "so infect[] the trial with unfairness as to make the resulting conviction a denial of due process." *Id.* There was thus no *Doyle* error. *See id.*

During deliberations, the jury sent out a note requesting clarification as to what testimony they should not consider. Gunderson contends that the note shows that the jury was confused. The jury's question, however, gave the district court

3

the opportunity to clarify what evidence it had struck, and suggests only that the jury endeavored to comply with its instructions.

At sentencing, the district court denied Gunderson's request for a two-level downward adjustment in offense level for minor role. *See* U.S.S.G. § 3B1.2. The district court reasoned that it lacked sufficient information about Gunderson's role in the offense and his relationship to others in the scheme to conclude that he merited a reduction for minor role. Gunderson contends that the material witnesses' testimony at trial, indicating the involvement of multiple other participants, supported the conclusion that Gunderson was a minor player in the scheme. Gunderson further objects that the district court placed him in a catch-22 by requiring him to offer evidence of his exact role in the scheme and relationship to the other participants in order to secure a minor role reduction; doing so, he contends, would have been inconsistent with his position that he had no role in the scheme at all.

The defendant bears the burden of proving the applicability of a minor role adjustment by a preponderance of the evidence. *United States v. Davis*, 36 F.3d 1424, 1436 (9th Cir. 1994). The district court's task was to compare the defendant's conduct, including relevant conduct, to that of other co-participants in the scheme. *United States v. Cantrell*, 433 F.3d 1269, 1283 (9th Cir. 2006). While

4

the material witnesses' testimony did indicate that other participants were involved, the testimony did not detail the relationships between the various participants or explain their relative roles in the scheme. There was no other trial evidence of Gunderson's role in relation to that of his co-participants, and Gunderson did not introduce additional evidence of his role at sentencing. Because Gunderson did not meet his burden, the district court did not clearly err in concluding that, on the limited evidence before it, it could not determine the exact nature of Gunderson's role in the scheme relative to the other participants, and that Gunderson was thus not entitled to a minor role reduction.

**AFFIRMED.**